**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4040**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL SANDERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:17-cr-00073-AWA-1)

Submitted: August 20, 2020            Decided: August 24, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Suzanne V. Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, David Coleman, Assistant United States Attorney, Lisa McKeel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Sanderson appeals the district court's judgment revoking his supervised release and sentencing him to 6 months' imprisonment, followed by an additional 30-month term of supervised release. Sanderson contends that the district court failed to calculate and consider the policy statement range for supervised release, failed to address his argument for a lesser term of supervision, and failed to adequately explain the reasons for imposing a 30-month term of supervision. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable where the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. We presume the substantive reasonableness of a supervised release term that is within the policy statement range. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015). Only if a sentence is either procedurally or substantively unreasonable do we consider whether the

sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007).

"A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). Here, the district court appropriately determined Sanderson's policy statement range for the supervised release term following the active imprisonment term. The court rejected Sanderson's contention that state supervision was sufficient, noting that Sanderson had prior difficulties complying with state supervision. Additionally, the district court provided a sufficient explanation for its imposition of a 6-month term of imprisonment and a 30-month term of supervised release, citing the need for deterrence, potential risks to Sanderson and to the public, and the nature and circumstances of Sanderson's offense and his criminal history. *See Aplicano-Oyuela*, 792 F.3d at 425 (explaining that the district court's "sentencing rationale . . . can support both imprisonment and supervised release).

Sanderson's term of imprisonment and the term of supervised release are within both the statutory maximum and the policy statement range and are not unreasonable, plainly or otherwise. We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*